O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

MICHAEL DEWAYNE JONES,

    Petitioner,

    v.

WARDEN, BIDER,

    Respondent.

)
)
)
)
)
)
)
)
)

NO. CV 14-00077-DDP (MAN)

ORDER TO SHOW CAUSE RE:  DISMISSAL

   On January 3, 2014, Petitioner, a California prisoner, filed a habeas petition in this Court pursuant to 28 U.S.C. § 2254 ("Petition").  Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a petition for writ of habeas corpus "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Here, it appears that the Petition is unexhausted and/or barred by the Stone doctrine discussed below.[1]  Accordingly, Petitioner is ordered to show cause why this action should not be dismissed summarily.

---

[1]  The Court may raise exhaustion problems *sua sponte*.  Boyd v. Thompson, 147 F.3d 1124, 1127-28 (9th Cir. 1998); Stone v. City and County of San Francisco, 968 F.2d 850, 856 (9th Cir. 1992).

**DISCUSSION**

I.      The Petition Appears To Be Unexhausted.

        Federal courts may not grant habeas relief to a person held in state custody unless the petitioner has exhausted his available state court remedies as to each of the issues presented. 28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198, 1203 (1982); Fields v. Waddington, 401 F.3d 1018, 1020 (9th Cir. 2005)("We may review the merits of Petitioner's habeas petition only if he exhausted state court remedies."). "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims *before* those claims are presented to the federal courts." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732 (1999)(emphasis added); *see also* Baldwin v. Reese, 541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004 (to give the State the chance to pass upon and resolve violations of his federal rights, a state prisoner must exhaust his available state remedies before seeking federal habeas relief).

        To satisfy the exhaustion requirement, a petitioner must "fairly present" his federal claim to the state courts, *i.e.*, give them a fair opportunity to consider and correct violations of the prisoner's federal rights.  *See* Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 888 (1995); Peterson v. Lampert, 319 F.3d 1153, 1155-56 (9th Cir. 2003)(*en banc*).  A state prisoner seeking relief with respect to a California conviction is required to fairly present his federal claims to the California Supreme Court.  *See* Baldwin, 541 U.S. at 29, 124 S. Ct. at 1349 (a state prisoner must fairly present his claim to a state supreme court having the power of discretionary review); Keating v. Hood, 133 F.3d 1240, 1242 (9th Cir. 1998).

1    Petitioner alleges that he exhausted his claims[2] on direct appeal.  He asserts that:  the
2  California Court of Appeal (Case No. B227567) affirmed his conviction on June 28, 2012; and the
3  California Supreme Court (again, Case No. B227567) denied his petition for review on September
4  24, 2012.  (Petition at 2-3, 5.)  Petitioner has appended to the Petition a document labeled
5  "petition for review," which is addressed to the California Supreme Court and references the trial
6  court case number for his criminal case (No. YA077077) and the California Court of Appeal case
7  number for his direct appeal (No. B227567).  The "petition for review" is not conformed, does not
8  bear a case number, is not signed, is not dated, and seems to be incomplete.

9

10    The Court has reviewed the dockets for the California Court of Appeal and the California
11  Supreme Court, which are available electronically,[3] and takes judicial notice of their contents
12  pursuant to Rule 201 of the Federal Rules of Evidence.  Those dockets confirm that:  Petitioner
13  appealed his conviction to the California Court of Appeal in Case No. B227567; and the California
14  Court of Appeal affirmed the conviction on June 28, 2012.  *See also* People v. Jones, 2012 WL
15  2499607 (Cal. App. 2 Dist. June 28, 2012) (the opinion on appeal).  Those dockets also indicate
16  that no petition for review was filed.  The docket for Case No. B227567 does not contain an entry
17  showing the filing of a petition for review -- an event that would be indicated had it occurred --
18  and shows that the remittitur issued on August 28, 2012 -- an event that would not have occurred
19  if a petition for review had been filed.[4]  The Court's search of the California Supreme Court's

20  _____

21      [2]    The Petition does not allege any claims, as is required by Rule 2(c) of the Rules
      Governing Section 2254 Cases in the United States District Courts.  Rather, Petitioner directs the
22    Court to "see" an attached "petition for review" (discussed *infra*).  That document does not clearly
      identify Petitioner's federal habeas claim, but it indicates that Petitioner seeks relief on the ground
23    that:  he was subjected to a search and seizure in violation of the Fourth Amendment; if his
      Fourth Amendment claim is deemed to be forfeited because his trial counsel did not adequately
24    litigate it in connection with Petitioner's suppression motion, then his trial counsel provided
      ineffective assistance; and if the evidence obtained from the illegal search and seizure is excluded,
25    there was no probable cause to arrest Petitioner.

26      [3]    *See* http://appellatecases.courtinfo.ca.gov.

27      [4]    Under the California Rules of Court, the California Court of Appeal's decision is final
      30 days after it is filed, and if review by the California Supreme Court is desired, a petition for
28    review must be filed within ten days of such finality.  The Clerk of the California Court of Appeal

1   dockets, under all possible variants of Petitioner's name, did not yield *any* filings by Petitioner in

2   the state high court.[5]

3

4       Thus, it appears that the "petition for review" appended to the Petition was not, in fact,

5   filed in the California Supreme Court.  If Petitioner has not raised his present claim(s) in the

6   California Supreme Court, the Petition is unexhausted and must be dismissed without prejudice.

7   Rose, 455 U.S. at 522, 102 S. Ct. at 1205.[6]

8

9   II.   The Petition Appears To Be Barred By The *Stone* Doctrine.

10

11       The gravamen of the Petition is that Petitioner was subjected to, and convicted as the

12   result of, an illegal search and seizure that violated his Fourth Amendment rights.  In the "petition

13   for review" appended to the Petition (at 1-2), he alleges that his trial counsel filed a motion to

14   suppress the fruits of that illegal search and seizure pursuant to California Penal Code § 1538.5

15   and, further, that he was afforded a pretrial hearing on a request to exclude the evidence

16   obtained through that search under California Evidence Code § 402.

17

18       On appeal, Petitioner argued that the results of a police officer's patdown search should

19

20   _____

21   must issue the remittitur once the period for granting review expires.  *See* Rules 8.272(b)(1),
    8.366(a) & (b), 8.368, and 8.500(e)(1).

22       [5]   The only additional filing by Petitioner is a habeas petition filed in the California
23   Court of Appeal on December 26, 2013 (Case No. B253328), which is pending.

24       [6]   A fully unexhausted federal habeas petition may not be stayed and must be
    dismissed.  *See, e.g.,* Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006)(holding that a fully
25   unexhausted petition may not be stayed and observing:  "Once a district court determines that
    a habeas petition contains only unexhausted claims, it need not inquire further as to the
26   petitioner's intentions.  Instead, it may simply dismiss the habeas petition for failure to exhaust.");
    Jones v. McDaniel, 320 Fed. Appx. 784, 786 (9th Cir. 2009)(affirming the dismissal of a fully
27   unexhausted petition and denial of a stay, because a "*Rhines* stay is only available for a mixed
    habeas petition where at least some of the claims have been exhausted, and none of [petitioner's]
28   claims were exhausted"); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001)(a district court is
    "'obliged to dismiss immediately'" a petition that contains no exhausted claims)(citation omitted).

4

1  have been suppressed as the fruit of an unlawful search, because Petitioner was not under arrest

2  at the time of the search and no probable cause supported the search.  Jones, 2012 WL 2499607,

3  at *4.  The California Court of Appeal found the Fourth Amendment argument to be forfeited due

4  to trial counsel's failure to adequately raise the Fourth Amendment issue in connection with the

5  motion to suppress made by Petitioner at trial.  Id. at *5.  However, the state appellate court

6  declined to treat the forfeiture as dispositive and addressed the Fourth Amendment issues on the

7  merits.  The California Court of Appeal concluded that the search was conducted pursuant to a

8  Terry investigative stop and was permissible under the Fourth Amendment, notwithstanding the

9  lack of a warrant.  Accordingly, it concluded that there had been no Fourth Amendment violation.

10 Id.

11

12       In Stone v. Powell, 428 U.S. 465, 96 S. Ct. 3037 (1975), the Supreme Court held that:

13 "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment

14 claim, a state prisoner may not be granted federal habeas corpus relief on the ground that

15 evidence obtained in an unconstitutional search or seizure was introduced at his trial."  Id. at 494,

16 96 S. Ct. at 3052.  Under Stone, "[a] Fourth Amendment claim is not cognizable in federal habeas

17 proceedings if a petitioner has had a full and fair opportunity to litigate the claim in state court."

18 Ortiz-Sandoval v. Gomez, 81 F.3d 891, 899 (9th Cir. 1996); see also Villafuerte v. Stewart, 111

19 F.3d 616, 627 (9th Cir. 1997).

20

21       To receive federal habeas consideration of a claim that evidence should have been

22 suppressed, a petitioner bears the burden of demonstrating that the state courts did not provide

23 him with a full and fair hearing.  See Woolery v. Arave, 8 F.3d 1325, 1327-28 (9th Cir. 1993). In

24 determining whether a habeas petitioner has had a full and fair opportunity to litigate his Fourth

25 Amendment claim in state court, "[t]he relevant inquiry is whether petitioner had the opportunity

26 to litigate his claim, not whether he did in fact do so or even whether the claim was correctly

27 decided." Ortiz-Sandoval, 81 F.3d at 899 (emphasis added); see also Gordon v. Duran, 895 F.2d

28 610, 613 (9th Cir. 1990)(as long as the petitioner "had an opportunity in state court for 'full and

1   fair litigation' of his fourth amendment claim," habeas relief is foreclosed on his claim that an

2   unconstitutional search and seizure occurred).  The Ninth Circuit has concluded that California

3   provides criminal defendants with a full and fair opportunity to litigate their Fourth Amendment

4   claims through the motion to suppress remedy provided by California Penal Code § 1538.5, which

5   establishes a specific mechanism for defendants to seek the suppression of evidence on the

6   ground that it was obtained through unconstitutional means.  *See* Gordon, 895 F.2d at 613; *see*

7   *also* Locks v. Summer, 703 F.2d 403, 408 (9th Cir. 1983).

8

9         Petitioner admits that he availed himself of the Section 1538.5 mechanism through his

10   motion to suppress.  Moreover, he raised his present Fourth Amendment claim in his direct appeal

11   and received a merits consideration of it from the California Court of Appeal.  The fact that

12   Petitioner was able to raise his Fourth Amendment claim and have the claim considered on its

13   merits compels the conclusion that the Stone doctrine applies.  *See* Locks, 703 F.2d at 408 (when

14   petitioner litigated search and seizure issue in the trial court and the appellate court, and also

15   raised the issue before the California and United States Supreme Courts, petitioner received a "full

16   and fair consideration of his Fourth Amendment claim"); *see also* Moormann v. Schriro, 426 F.3d

17   1044, 1053 (9th Cir. 2005)(holding that the Stone doctrine barred petitioner's Fourth Amendment

18   claim, notwithstanding his contention that the hearing he received was not full and fair because

19   the state court's factual findings were "not supported by the evidence," when: petitioner raised

20   the Fourth Amendment issue in a pretrial motion; a hearing was held, at which petitioner was able

21   to present evidence and examine witnesses; the trial court made a factual finding; and the trial

22   court's decision was reviewed on appeal by the state high court); Terronova v. Kincheloe, 912

23   F.2d 1176, 1178-79 (9th Cir. 1990)(the "extent to which [Fourth Amendment] claims were briefed

24   before and considered by the state trial and appellate courts" is a consideration in determining

25   whether petitioner had the opportunity for full and fair litigation of those claims).

26

27

28

1       Accordingly, pursuant to the <u>Stone</u> doctrine, the Petition is not cognizable.[7]

2

3   III.   <u>This Action Cannot Proceed Unless Petitioner Establishes That Dismissal Is Not Required</u>.

4

5       For the reasons set forth above, the Petition appears to be unexhausted and barred by the

6   <u>Stone</u> doctrine.  As a result, summary dismissal of the Petition, pursuant to Rule 4, appears to be

7   required.

8

9       Accordingly, Petitioner is ORDERED TO SHOW CAUSE why this action should not be

10  dismissed, without prejudice, for lack of exhaustion and/or because it is barred by the <u>Stone</u>

11  doctrine.  **By no later than February 11, 2014**, Petitioner shall file a response to this Order

12  To Show Cause.  If Petitioner contends that the Petition is exhausted, he must submit proof of

13  such exhaustion, including proof that the "petition for review" appended to the Petition was, in

14  fact, filed with and resolved by the California Supreme Court.  If Petitioner contends that the

15  Petition is not barred by the <u>Stone</u> doctrine, he must explain to the Court why his Fourth

16  Amendment claim is, in fact, cognizable.  If Petitioner concedes that this action should be

17  dismissed, he may simply file a document entitled Notice Of Dismissal Pursuant To Rule 41(a)(1)

18  Of The Federal Rules of Civil Procedure, in which he states that he is voluntarily dismissing this

19  action without prejudice.

20

21

22      [7]      The inclusion of an ineffective assistance allegation in the Petition does not alter this
23  conclusion, even though, generally, the <u>Stone</u> bar does not extend to ineffective assistance of
    counsel claims based on deficient representation with respect to a Fourth Amendment issue.
24  <u>Kimmelman v. Morrison</u>, 477 U.S. 365, 374-75, 106 S. Ct. 2574 (1986).  Petitioner's ineffective
    assistance claim is conditional, namely, he asserts that his trial counsel actually did perform
25  effectively in connection with the motion to suppress and that he is making the ineffective
    assistance allegation *only* if counsel is found to have failed to preserve the Fourth Amendment
26  issue for consideration on its merits. (Appended "petition for review" at 4-5.)  As discussed above,
    although the California Court of Appeal did find a forfeiture, it then proceeded to consider and
27  resolve Petitioner's Fourth Amendment claim on its merits.  As Petitioner received a merits
    consideration of his Fourth Amendment claim in the California Court of Appeal, he cannot have
28  suffered prejudice for Sixth Amendment purposes, and thus, the conditional premise for the
    ineffective assistance claim allegation has been mooted factually and legally.

7

**Petitioner is cautioned that the failure to file a response to this Order To Show Cause or a Notice Of Dismissal by the February 11, 2014 deadline will be deemed to constitute a concession that this action should be dismissed without prejudice.**

IT IS SO ORDERED.

DATED: January 9, 2014.

_Margaret A. Nagle_
_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

8