1

2                                                                              O

3

4

5

6

7

8                        **UNITED STATES DISTRICT COURT**

9                       **CENTRAL DISTRICT OF CALIFORNIA**

10

11   MICHAEL DEWAYNE JONES,            )    NO. CV 14-00077-DDP (MAN)

12                    Petitioner,      )    ORDER: DISMISSING PETITION WITHOUT
                                       )    PREJUDICE; AND DENYING CERTIFICATE OF
13            v.                       )    APPEALABILITY
                                       )
14   WARDEN, BIDER,                    )
                                       )
15                    Respondent.      )
     _____  )

16

17          On January 3, 2014, Petitioner, a California prisoner, filed a habeas petition in this Court

18   pursuant to 28 U.S.C. § 2254 ("Petition").  On January 9, 2014, United States Magistrate Judge

19   Margaret A. Nagle issued an Order To Show Cause Re: Dismissal ("OSC").  In the OSC, Magistrate

20   Judge Nagle explained that the Petition appears to be unexhausted, as well as barred by the

21   doctrine established in <u>Stone v. Powell</u>, 428 U.S. 465, 96 S. Ct. 3037 (1975).  She ordered

22   Petitioner to file a response to the OSC and to show cause why this action should not be

23   dismissed based on these grounds.  On February 3, 2014, Petitioner filed a letter with exhibits,

24   which the Court has construed as his Response to the OSC.

25

26          Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts

27   provides that a petition for writ of habeas corpus "must" be summarily dismissed "[i]f it plainly

28   appears from the petition and any attached exhibits that the petitioner is not entitled to relief in

the district court." Here, it plainly appears that the Petition is unexhausted.[1] Therefore, the Petition must be dismissed without prejudice.

## DISCUSSION

Federal courts may not grant habeas relief to a person held in state custody unless the petitioner has exhausted his available state court remedies as to each of the issues presented. 28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198, 1203 (1982); Fields v. Waddington, 401 F.3d 1018, 1020 (9th Cir. 2005) ("We may review the merits of Petitioner's habeas petition only if he exhausted state court remedies."). "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims *before* those claims are presented to the federal courts." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732 (1999) (emphasis added); *see also* Baldwin v. Reese, 541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004) (to give the State the chance to pass upon and resolve violations of his federal rights, a state prisoner must exhaust his available state remedies before seeking federal habeas relief).

To satisfy the exhaustion requirement, a petitioner must "fairly present" his federal claim to the state courts, *i.e.*, give them a fair opportunity to consider and correct violations of the prisoner's federal rights. *See* Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 888 (1995); Peterson v. Lampert, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (*en banc*). A state prisoner seeking relief with respect to a California conviction is required to fairly present his federal claims to the California Supreme Court. *See* Baldwin, 541 U.S. at 29, 124 S. Ct. at 1349 (a state prisoner must fairly present his claim to a state supreme court having the power of discretionary review);

---

[1]    The Court may raise exhaustion problems *sua sponte*. Boyd v. Thompson, 147 F.3d 1124, 1127-28 (9th Cir. 1998); Stone v. City and County of San Francisco, 968 F.2d 850, 856 (9th Cir. 1992). Although the Petition appears to be barred by the Stone doctrine, the Court elects to dismiss it without prejudice, based upon lack of exhaustion.

1   Keating v. Hood, 133 F.3d 1240, 1242 (9th Cir. 1998).

2

3        The Petition alleges, under penalty of perjury, that Petitioner exhausted his claims[2] on

4   direct appeal.  The Petition asserts that:  the California Court of Appeal (Case No. B227567)

5   affirmed Petitioner's conviction on June 28, 2012; and the California Supreme Court (again alleged

6   to be Case No. "B227567") denied his petition for review on September 24, 2012.  (Petition at 2-

7   3, 5.)  Petitioner has appended to the Petition a document labeled "petition for review," which is

8   addressed to the California Supreme Court and references the trial court case number for his

9   criminal case (No. YA077077) and the California Court of Appeal case number for his direct appeal

10   (No. B227567).  The "petition for review" is not conformed, does not bear a case number, is not

11   signed, is not dated, and seems to be incomplete.

12

13        In the OSC, Magistrate Judge Nagle stated:

14

15        The Court has reviewed the dockets for the California Court of Appeal and

16        the California Supreme Court, which are available electronically,[3] and takes judicial

17        notice of their contents pursuant to Rule 201 of the Federal Rules of Evidence.

18        Those dockets confirm that:  Petitioner appealed his conviction to the California

19        Court of Appeal in Case No. B227567; and the California Court of Appeal affirmed

20        the conviction on June 28, 2012.  See also People v. Jones, 2012 WL 2499607 (Cal.

21        App. 2 Dist. June 28, 2012) (the opinion on appeal).  Those dockets also indicate

22

23        [2]        The Petition does not allege any claims, as is required by Rule 2(c) of the Rules
    Governing Section 2254 Cases in the United States District Courts.  Rather, Petitioner directs the
24   Court to "see" an attached "petition for review."  That document does not clearly identify
    Petitioner's federal habeas claim(s), but it indicates Petitioner seeks relief on the grounds that:
25   he was subjected to a search and seizure in violation of the Fourth Amendment; if his Fourth
    Amendment claim is deemed to be forfeited because his trial counsel did not adequately litigate
26   it in connection with Petitioner's suppression motion, then his trial counsel provided ineffective
    assistance; and if the evidence obtained from the illegal search and seizure had been excluded,
27   there would have been no probable cause to arrest Petitioner.

28        [3]        "See http://appellatecases.courtinfo.ca.gov."

that no petition for review was filed.  The docket for Case No. B227567 does not contain an entry showing the filing of a petition for review -- an event that would be indicated had it occurred -- and shows that the remittitur issued on August 28, 2012 -- an event that would not have occurred if a petition for review had been filed.[4]  The Court's search of the California Supreme Court's dockets, under all possible variants of Petitioner's name, did not yield *any* filings by Petitioner in the state high court.[5]

(OSC at 3-4.)

In his Response, Petitioner asserts that:  on July 13, 2013, he received a copy of the California Court of Appeal's decision on appeal; and on August 3, 2012, he received a letter from his appellate counsel advising Petitioner that his deadline for filing a petition for review was August 7, 2012.  Petitioner asserts that he was subject to an institutional lockdown at that time and lacked library access to make copies of his intended petition for review, and he has attached copies of CDCR 22 forms bearing various dates in August 2012, in which he noted his August 7, 2012 deadline and requested library access.  Acknowledging the above-noted findings by the Magistrate Judge, Petitioner states that he "thought" his "petition for review" had been filed and denied.  Based on a document submitted with the Response, which the California Supreme Court returned to Petitioner, it appears that Petitioner mailed his "petition for review" to the California Supreme Court on or about September 9, 2012, it was received on September 19, 2012, and it was returned unfiled due to its untimeliness.

---

[4]     "Under the California Rules of Court, the California Court of Appeal's decision is final 30 days after it is filed, and if review by the California Supreme Court is desired, a petition for review must be filed within ten days of such finality.  The Clerk of the California Court of Appeal must issue the remittitur once the period for granting review expires.  *See* Rules 8.272(b)(1), 8.366(a) & (b), 8.368, and 8.500(e)(1)."

[5]     "The only additional filing by Petitioner is a habeas petition filed in the California Court of Appeal on December 26, 2013 (Case No. B253328), which is pending."

4

Thus, the "petition for review" appended to the Petition was not, in fact, filed in the California Supreme Court.  As Petitioner has not raised his present claim(s) in the California Supreme Court, the Petition is unexhausted and must be dismissed without prejudice. <u>Rose</u>, 455 U.S. at 522, 102 S. Ct. at 1205.[6]

For the foregoing reason, IT IS ORDERED that:  the Petition is dismissed without prejudice; and Judgment shall be entered dismissing this action, without prejudice, for failure to exhaust available state remedies.  If Petitioner subsequently exhausts his claims by fairly presenting them to the California Supreme Court, he may file, following that court's ruling, a *new* habeas petition in this Court.[7]

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case.  *See* 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000).  The Court concludes that a certificate of appealability is unwarranted and, thus, a certificate of appealability is DENIED.

DATED:  February 20, 2014.

_____
DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE

---

[6]     A fully unexhausted federal habeas petition may not be stayed and must be dismissed.  *See, e.g.,* <u>Rasberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that a fully unexhausted petition may not be stayed and observing:  "Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions.  Instead, it may simply dismiss the habeas petition for failure to exhaust."); <u>Jones v. McDaniel</u>, 320 Fed. Appx. 784, 786 (9th Cir. 2009) (affirming the dismissal of a fully unexhausted petition and denial of a stay, because a "*Rhines* stay is only available for a mixed habeas petition where at least some of the claims have been exhausted, and none of [petitioner's] claims were exhausted"); <u>Jiminez v. Rice</u>, 276 F.3d 478, 481 (9th Cir. 2001) (a district court is "'obliged to dismiss immediately'" a petition that contains no exhausted claims) (citation omitted).

[7]     The Court makes no finding as to the timeliness of the instant Petition or any subsequent federal habeas petition that Petitioner may submit.

5

PRESENTED BY:

_Margaret A. Nagle_

MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE